UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MCKINNEY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CORSAIR GAMING, INC.,<br><br>  Defendant. | Case No. 22-cv-00312-JST<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING PARTIES' STIPULATION TO FILE AMENDED COMPLAINT**<br><br>Re: ECF Nos. 165, 166 |

Before the Court is Plaintiffs' renewed motion for class certification and preliminary approval of class action settlement ("Motion"). ECF No. 165. The Court finds this matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will grant the Motion.

Plaintiffs filed the Motion after the Court denied without prejudice Plaintiffs' initial motion for preliminary approval of class action settlement for two reasons: (1) the Court was "unable to determine whether the proposed settlement falls within the range of reasonableness," and (2) Plaintiffs did not sufficiently "address the variation between the claims asserted in the [operative] complaint and those settled in the settlement agreement." ECF No. 162 at 9–12. Having reviewed Plaintiffs' supplemental briefing regarding the monetary value of the Settlement Agreement ("Settlement" or "Agreement"), ECF No. 165 at 15–19, as well as the Weir declaration, ECF No. 165-1, the Court concludes that the proposed settlement falls within the range of reasonableness. In addition, the parties have agreed to the filing of an amended complaint that includes all settled claims. ECF No. 166.

There being no other obvious errors preventing preliminary approval of the settlement, the Court grants the Motion, subject to the following findings and orders. Except as otherwise

indicated, capitalized terms shall have the same meaning as ascribed in the Agreement, ECF No. 153-1, as amended by ECF No. 158-1.

    1.    The Court preliminarily certifies the Settlement Class, as defined in Section 1.30 of the Agreement, for the purposes of settlement only. The Settlement Class includes:

> all individuals in the United States who purchased one or more Products from January 14, 2018 to the date the Court grants Preliminary Approval. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest and their current or former officers, directors, and employees, (3) counsel of record (and their respective law firms) for the Parties; (4) persons who properly execute and file a timely request for exclusion from the class, and (5) the legal representatives, successors or assigns of any such excluded persons.

ECF No. 153-1 at 10. "'Products' means any Corsair DDR-4 (non-SODIMM/laptop) memory product with a base or default (i.e., JEDEC standard Serial Presence Detect or 'SPD') speed over 2133 megahertz (MHz) or any Corsair DDR-5 (non-SODIMM/laptop) memory product with a base or default speed over 4800 megahertz." *Id.* at 8. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate; and (f) a class action is a superior method to adjudicate this dispute.

    2.    The Court preliminarily appoints Plaintiffs Antonio McKinney, Clint Sundeen, and Joseph Alcantara as Class Representatives of the Settlement Class.

    3.    The Court preliminarily appoints Dovel & Luner, LLP and Kneupper Covey, PC as Class Counsel under Rule 23(g).

    4.    The Court approves the parties' stipulation for Plaintiffs to file a fifth amended complaint, "which amends the claims to include the settled claims." ECF No. 166 at 2. Plaintiffs

shall file the fifth amended complaint within seven days of the date of this order. No responsive pleading is required.

5. The Court preliminarily finds that the terms of the Settlement are fair, reasonable, and adequate. The Court finds that each of the factors under Rule 23(e) favor preliminary approval: (a) the Class Representatives and Class Counsel have adequately represented the class; (b) the Settlement was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the applicable factors under Rule 23(e)(2)(C); and (d) the proposal treats class members equitably relative to each other. The Court finds that none of the signs of collusion set forth in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011)—a disproportionate distribution of the settlement fund to counsel, a clear sailing provision, or a reversion provision—is present in the Settlement.

6. The Court approves the proposed notice plan, including the form and content of the notice and the method of its dissemination as set forth in the Agreement. The Court finds that the notice plan complies with the requirements of due process and Rule 23, including that it provides for the best notice that is practicable under the circumstances. The Court finds that the notice fully apprises Settlement Class Members of their rights under the Settlement.

7. The Court appoints Angeion Group as Settlement Administrator and authorizes the Settlement Administrator to implement the notice plan as set forth in the Agreement.

8. The Court approves the proposed claims procedure, including the substance of the claim form, as set forth in the Agreement.

9. The Court approves the proposed procedures for objections and requests for exclusion as set forth in the Agreement.

10. The Court orders the following schedule:

| Event | Date |
| --- | --- |
| Plaintiffs to file proof of compliance with Class Action Fairness Act notice requirements, 28 U.S.C. § 1715 | No later than 14 days after entry of the order granting Preliminary Approval |
| Notice Date, as defined in Section 1.19 of the Agreement | No later than 30 days after entry of the order granting Preliminary Approval |

3

| Event | Date |
|---|---|
| Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Incentive Awards | No later than 35 days before Objection/Exclusion Deadline |
| Objection/Exclusion Deadline | 35 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Plaintiffs to file a Motion for Final Approval of the Settlement | No earlier than 21 days after Claims Deadline and no later than November 13, 2025 |
| Final Approval Hearing | December 4, 2025 |

11. The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

12. As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

13. The Court sets a Final Approval Hearing on December 4, 2025, at 2:00 p.m., by Zoom video conference.[1] The public hearing link is available on the Court's website, https://cand.uscourts.gov/judges/tigar-jon-s-jst/. The Court may continue or adjourn the Final Approval Hearing without further notice to Settlement Class Members. Class Counsel shall keep the website updated if the Court reschedules the Final Approval Hearing.

14. By entering this order, the Court makes no determination on the merits of Plaintiffs' allegations. Neither the Agreement nor any related documents or communications will be construed or used in any proceeding as an admission or evidence of wrongdoing or liability on the part of Defendant.

---

[1] The parties shall modify the class notice to reflect that the hearing will occur by Zoom and not in the Oakland courthouse.

15. If for any reason the Court does not execute and file a final approval order, or if the Effective Date of the Settlement does not occur for any reason, the Parties will be restored to the status quo ante as set forth in the Agreement. In such event, the Settlement Class will be deemed vacated, and the certification of the Settlement Class for settlement purposes will not be considered or used in connection with any class certification proceedings.

16. All proceedings in the Action are stayed except as necessary to implement the Settlement.

17. The Court retains jurisdiction over the Action and the Parties for purposes of the Settlement.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
JON S. TIGAR
United States District Judge