1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MCKINNEY, CLINT SUNDEEN, and JOSEPH ALCANTARA, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CORSAIR GAMING, INC.,<br><br>*Defendant*. | Case No. 4:22-cv-00312- JST<br><br>**[PROPOSED]** **ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br>**\*\*AS MODIFIED\*\***<br><br>Re: ECF Nos. 177, 180 |

On January 8, 2026, a hearing was held on the Motion of Plaintiffs Antonio McKinney, Clint Sundeen, and Joseph Alcantara, on behalf of themselves and Settlement Class Members, for final approval of a Class Action Settlement Agreement entered into between Plaintiffs and Defendant Corsair Gaming, Inc. (collectively, the "Parties"). Upon review and consideration of the Settlement Agreement, the Motion for Final Approval of Class Action Settlement and accompanying materials, the Motion for Attorneys' Fees, Costs, and Incentive Awards and accompanying materials, and the evidence and arguments of counsel presented throughout the settlement approval process, the Court **GRANTS** final approval of the Settlement and **GRANTS** Class Counsel's request for attorneys' fees, costs, and incentive awards. The Court **ORDERS** and makes the following findings and determinations:

1. The Court has personal jurisdiction over all of the Parties to this Action, including Settlement Class Members. The Court has subject matter jurisdiction over this Action, and all matters related to the Settlement.

2. The Settlement Agreement, ECF No. 153-1, and the amendments thereto, ECF No. 158-1 and ECF No. 174-1 (collectively, "Agreement"), are incorporated by reference into this Order.

Approval of Notice and Settlement Administration

3. Notice was distributed to Settlement Class Members as ordered in this Court's Preliminary Approval Order, ECF No. 170 ("Preliminary Approval Order"). Notice included direct notice by email or mail to Class Members for whom Defendant had contact information, as well as the implementation of a substantial media campaign with an approximate reach of 81%, and the creation and maintenance of the Settlement Website and a toll-free hotline.

4. The Court finds that notice was disseminated in a manner that: (a) constituted the best notice practicable under the circumstances; (b) was reasonably calculated, under the circumstances, to inform all Settlement Class Members of the pendency of this Action, of the terms and effect of this Settlement, of their right to opt out of or object

to this Settlement, of the Fairness Hearing and Class Members' right to appear at it, of Class Counsel's fees and costs request, and of the Class Representatives' request for incentive awards; (c) is reasonable and constituted due, adequate, and sufficient notice to all Class Members; (d) satisfied the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the rules of this Court, and all other applicable law.

5. The notices themselves provided all necessary information concerning the allegations at issue, the Settlement's terms, impact, and relevant deadlines, how to file a Claim Form, and Settlement Class Members' ability to opt out of or object to the Settlement. *See* Weisbrot Decl., ECF No. 180-2, Exhibits C-G (showing notice documents). The Settlement Website provided additional information to Class Members, including via a comprehensive "FAQ" page, and a page providing important documents related to the Settlement (including the operative Complaint, the Settlement, the Preliminary Approval Order, other Orders impacting the Settlement, and, once filed, Class Counsel's Motion for Fees, Costs, and Incentive Awards). The Court finds that thorough and effective notice was successfully administered.

6. The Court also finds the Settlement Administrator's costs for notice and administration—which match the number provided and considered at preliminary approval—are fair and reasonable, and confirms The Angeion Group as the Settlement Administrator. Weisbrot Decl. ¶ 27 (explaining that notice and administration was provided at a fixed cost of $450,000).

Certification of the Settlement Class

7. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following Settlement Class, for settlement purposes only:

> All individuals in the United States who purchased one or more

[Proposed] Order Granting Motions for Final
Approval and Attorneys' Fees, Costs, and
Incentive Awards                                    Case No. 4:22-cv-00312-JST

2

          Products from January 14, 2018, to July 2, 2025.[1]

8. "Products" is defined as "any Corsair DDR-4 (non-SODIMM/laptop) memory product with a rated speed over 2133 megahertz (MHz) or any Corsair DDR-5 (non-SODIMM/laptop) memory product with a rated speed over 4800 megahertz."

9. This Class is the same as was conditionally certified in the Court's Preliminary Approval Order, and it incorporates the non-substantive correction to the definition of "Products" previously approved by the Court. *See* ECF No. 175. The Court again finds that this Settlement Class satisfies the requirements of Rule 23(a) and 23(b).

10. First, the Settlement Class, which includes the purchasers of approximately 12 million products, is so numerous that joinder of all Class Members in a single action is impracticable. Next, there are common questions of law and fact, and these common questions predominate over all individual questions. In addition, the claims of the Class Representatives are typical of the Settlement Class. And the Class Representatives, along with Class Counsel, have no conflicts with Settlement Class Members and have fairly and adequately represented their interests. Finally, a class action is a superior mechanism for the resolution of the claims in this case.

11. The findings and rulings herein are for settlement purposes only and may not be cited or otherwise used to support certification of any contested class or subclass against Defendant in this or any other action.

The Settlement Warrants Final Approval

12. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement.

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest and their current or former officers, directors, and employees, (3) counsel of record (and their respective law firms) for the Parties; (4) the person who properly executed and filed a timely request for exclusion from the Class, and (5) the legal representatives, successors or assigns of the excluded person.

13. The Parties litigated this case for years prior to reaching the Settlement, including briefing multiple motions to dismiss, engaging in extensive discovery, and briefing Plaintiffs' motion seeking class certification and four *Daubert* motions challenging Plaintiffs' class certification experts. Thus, the Parties approached settlement negotiations with a thorough understanding of the case, including sufficient information to evaluate the value of the case and potential risks for both sides.

14. The Settlement was negotiated at arm's length with the aid of an experienced mediator who ultimately issued a mediator's proposal that both Parties accepted.

15. The Settlement provides for both monetary and non-monetary relief. The Settlement requires that Corsair make certain changes to its representations related to product speed in its labeling and advertising, and it also creates a $5,500,000 non-reversionary common fund for the benefit of the Settlement Class. This fund will cover direct payments to Class Members who filed a valid Claim Form, as well as notice and administration costs, attorneys' fees and costs, and incentive awards to the Class Representatives. This relief is fair, adequate, and reasonable, and in the best interest of the Settlement Class. As a result, the Parties are directed to implement the Agreement according to its terms and provisions.

16. The Settlement is reasonable given the risks of continued litigation. The Parties vigorously contest liability in this Action, and, when the Settlement was reached, Plaintiffs' motion for class certification was still pending. Plus, regardless of any potential future success for Plaintiffs, continued litigation would impose additional expense and delay on the Settlement Class.

17. The Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement, and they now recommend the Settlement. The Class Representatives actively participated in the Action and provided valuable services to the Class, including by responding to discovery requests, providing their computer systems for inspection, and preparing

and sitting for depositions. There are no signs of collusion that give the Court pause. As explained below, Class Counsel's fees and costs request is reasonable and within the bounds of fee awards approved in this Circuit. The Settlement does not involve a clear sailing provision—Defendant was entitled to oppose Class Counsel's fee request. And none of the benefits under the Settlement will revert to Defendant. Any expired checks provided under the Settlement will go toward a *cy pres* award to Khan Academy, a non-profit organization that provides free online educational resources, including for computer science and other STEM subjects. The Court finds that Khan Academy's goals are relevant to the subject of this action, and that it is a reasonable *cy pres* recipient.

18. For these reasons, the Court reaffirms its preliminary appointment of Plaintiffs Antonio McKinney, Clint Sundeen, and Joseph Alcantara as Class Representatives and Dovel & Luner LLP and Kneupper & Covey, PC as Class Counsel.

19. Finally, the reaction of the Settlement Class favors approval.

    a. Only one Settlement Class Member, Mr. Darrel Jones, requested to be excluded from this Settlement. The Court now grants this request and holds that Mr. Jones does not relinquish any rights pursuant to the Settlement.

    b. Only one Class Member objected to the Settlement. The Court has reviewed that objection, filed by Mr. Allen Kenda, and overrules it. Kenda objects that claimants who submit a proof of purchase should receive a higher portion of the settlement fund because they have "suffered a greater burden of proof." ECF No. 179 at 1. The Court finds that the Settlement's provision of relief to Class Members without a proof of purchase for up to five items, but allowing relief for more than five items with proofs of purchase, strikes a reasonable balance between not burdening Class Members who might be unlikely to keep receipts for all purchases and protecting against potentially fraudulent claims for large numbers of purchases. Kenda purchased one item, and while he

[Proposed] Order Granting Motions for Final
Approval and Attorneys' Fees, Costs, and
Incentive Awards                                              Case No. 4:22-cv-00312-JST

5

|   |   |
|---|---|
| 1 | submitted a proof of purchase, he need not have done so. He was not held to a |
| 2 | higher burden of proof. |
| 3 | c. Finally, approximately 62,958 Claim Forms were submitted, covering at least |
| 4 | 266,550 products. This means that Settlement Class Members filed claims |
| 5 | covering at least 2.2% of the relevant products at issue. This response rate, |
| 6 | while low, is reasonable and in line with other settlements that have been |
| 7 | approved. |

In total, the Court finds that the Settlement Class has reacted favorably to the Settlement.

Approval of Attorneys' Fees, Costs, and Incentive Award

20. After considering Class Counsel's Motion for Attorneys' Fees, Costs, and Incentive Awards, the Court grants the requested award of $1,375,000 in fees and $285,703.02 in costs. The requested fee award is in line with the 25% benchmark for common-fund cases in this Circuit. The award is justified given the result achieved for the Settlement Class, Counsel's work in this case and expertise in false advertising cases, the lack of any objections to the award, and a lodestar crosscheck, which results in a reasonable multiplier of 1.2. The Court notes that a disproportionate amount of the legal work on the case was performed by senior lawyers, which inflated the lodestar. However, even a reduced lodestar would result in a reasonable multiplier, so the Court does not reduce the attorney's fees award on this basis. The Court also finds that the requested costs were reasonable for the litigation and settlement of this Action.

21. The Court will withhold 10% of the attorneys' fees granted in this order until the post-distribution accounting described below has been filed. Class Counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

22. The Court also grants the Class Representatives' request for $5,000 incentive awards

each. Such awards are presumptively reasonable in this District and are justified given the Class Representatives' substantial efforts in this case, including responding to discovery and sitting for depositions.

Release of Claims

23. The Court has reviewed the Released Claims defined in the Agreement, which include Unknown Claims. The Court incorporates the definitions of Released Claims and Unknown Claims as provided in the Agreement.

24. As of the Effective Date, the claims asserted in this Action, and the Released Claims of each Class Member, except Mr. Jones, as addressed above, are fully, finally, and forever released pursuant to the terms of the Agreement. The Released Parties are forever discharged from the Released Claims.

25. Plaintiffs, the Releasing Parties, and all Settlement Class Members, except Mr. Jones, are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit or other action in any jurisdiction or forum based on the Released Claims. As of the Effective Date, the Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs, the Releasing Parties, and Settlement Class Members, except Mr. Jones, with respect to the Released Claims.

Final Judgment and Schedule

26. As a result of the Settlement's Final Approval, Final Judgment is entered based on the Parties' Agreement. Thus, this Action is **DISMISSED** (including all individual claims and class claims presented) on the merits and with prejudice, without fees or costs to any party except as provided in this Order.

27. Notwithstanding the dismissal, and without affecting the finality of the Final Judgment, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and

[Proposed] Order Granting Motions for Final
Approval and Attorneys' Fees, Costs, and
Incentive Awards                                          Case No. 4:22-cv-00312-JST

7

the Final Judgment, and for any other necessary purposes (including reviewing Plaintiffs' post-distribution accounting and taking any necessary action in response).

28. The Court orders the Parties to follow the schedule as laid out in the Settlement Agreement and subsequent orders. In compliance with the Northern District of California's Procedural Guidance for Class Action Settlements and this Court's standing order, Plaintiffs must file a post-distribution accounting within 21 days after the distribution of settlement funds. In addition to the information contained in the District's Procedural Guidance for Class Action Settlements, the post-distribution accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

29. This matter is set for a further case management conference on July 28, 2026, with a case management statement due on July 21, 2026. The parties may request that the case management conference be continued if additional time is needed to complete the distribution. The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorneys' fees.

No Admissions

30. By entering this Order, and the Final Approval and Final Judgment, the Court makes no determination on the merits of Plaintiffs' allegations. Neither the Agreement nor any related documents or communications will be construed or used in any proceeding as an admission or evidence of wrongdoing or liability on the part of Defendant. Defendant denies that it violated any law and maintains that it agreed to the Settlement to avoid the uncertainties, burdens, and expenses associated with continuing the case.

Effect of Termination or Reversal

31. If the Effective Date of the Settlement does not occur for any reason, the Parties will

[Proposed] Order Granting Motions for Final Approval and Attorneys' Fees, Costs, and Incentive Awards

Case No. 4:22-cv-00312-JST

8

be restored to the status quo ante as set forth in the Agreement. In such event, the Settlement Class will be deemed vacated, and the certification of the Settlement Class for settlement purposes will not be considered or used in connection with any class certification proceedings.

**IT IS SO ORDERED.**

Dated:  January 8, 2026

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE